U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 2 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DERRICK THOMAS** | DOCKET NO. 1:05 CV 1222 |
| | SECTION P |
| VS. | JUDGE DRELL |
| **FEDERAL BUREAU OF PRISONS, ET AL.** | MAGISTRATE JUDGE KIRK |

**Partial Report and Recommendation**

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **DERRICK THOMAS** ("Plaintiff").[1] He is currently incarcerated in United States Penitentiary in Pollock, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* in this action on August 8, 2005. [Rec. Doc. 4]. Plaintiff names The Federal Bureau of Prisons, Robert M. Tapia, Bobby Tyler, Frederick Jefferson, and Unknown Staff as defendants in the instant action.

The Court construes Plaintiff's complaint as alleging an offense of his civil rights by correctional officials in failing to protect him from another inmate and thereby, violating his right to

---

[1] Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed. 2d 619, (1971). Bivens affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. *See*, Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999)(A Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officers.)(citing Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993)). Plaintiff seeks redress for violations of his constitutional rights by employees of a federal penitentiary, not state actors, his claim is properly brought pursuant to Bivens, and not 42 U.S.C. § 1983.

be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution. Plaintiff seeks monetary damages as relief.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff alleges the defendants failed to protect him from an attack by fellow inmates.[Rec. Doc. 1, p.4] Plaintiff alleges that he was stabbed by several inmates while in the recreation area of the Special Housing Unit. He alleges the "staff failed to follow set procedures when placing inmates in the recreation area", including failing to conduct "pat searches" and metal detector searches of the inmates upon entrance into the recreation area. [Id.] Also, the Plaintiff asserts Capt. Jefferson, Lt. H. Bowers, Lt. Bynum, c/o Borderline and c/o Zito were aware of the substantial danger certain inmates posed to other inmates and staff.

## Analysis

At this time, the court must dismiss the suit against the Federal Bureau of Prisons (BOP) and Warden Tapia. In <u>Gibson v. Federal Bureau of Prisons 121 Fed. Appx. 549</u>,Gibson appealed the district courts dismissal of his civil rights action filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federl Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)</u>, alleging that the Bureau of Prisons (BOP) and BOP officers denied his right to participate in a BOP drug treatment program. The district court dismissed

Gibson's claims against the BOP and BOP officers in their official capacities as barred by the doctrine of sovereign immunity; the district court dismissed Gibson's claims against BOP officers in their individual capacities as frivolous and for failure to state a claim pursuant to 28 U.S.C.1915 (e)(2)(B).

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's civil rights action against the federal Bureau of Prisons and Warden Tapia be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims for civil rights violations against defendants Capt. Jefferson, Lt. H. Bowers, Lt. Bynum, c/o Borderline and c/o Zito be served in accordance with the court orders.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections** to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date

o its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile / Association*, 79 F.3d 1415 (5th Cir. 1996).

**Failure to comply with this order will result in dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

    **THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___21st___ day of ___October___, 2003.

                                      JAMES D. KIRK
                                **UNITED STATES MAGISTRATE JUDGE**