RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  12 , 13 , 06
BY  /s/

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK THOMAS,<br>    Plaintiff | CIVIL ACTION<br>Section "P"<br>NO. CV05-1222 |
| VERSUS | |
| FEDERAL BUREAU OF PRISONS,<br>et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a <u>Bivens</u> action filed, in forma pauperis ("IFP"), by pro se plaintiff, Derrick Thomas ("Thomas"), on June 30, 2005, and amended on September 21, 2005.[1] (Doc. Items 1 and 6). In his complaint, Thomas alleges the defendants, the Federal Bureau of Prisons, Warden Robert M. Tapia, Bobby Tyler, Captain Frederick Jefferson, Lieutenant H. Bowers, Lieutenant Bynum, Correctional Officer Boderline,[2] Correctional Officer Zito and Unknown Staff violated his constitutional rights under the Eighth

---

[1] Though Thomas styles his complaint as a civil rights complaint filed pursuant to 42 U.S.C. §1983, it is really an action brought pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as <u>Bivens</u> affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution.

[2] A letter from USP Pollock, dated December 5, 2005, advised that no one by the name of Borderline is or ever was employed at USP Pollock. (Doc. Item 11)

Amendment.³  Specifically, Thomas alleges the defendants failure to protect him from other inmates violated his right to be free from cruel and unusual punishment.  For relief, Thomas seeks monetary damages.  Though the alleged wrongful acts occurred while Thomas was confined in the United States Penitentiary at Pollock, Louisiana (USP Pollock), Thomas is currently incarcerated at the United States Penitentiary in Inez, Kentucky.

Defendants, filed a motion to dismiss, or, in the alternative, a motion for summary judgment which is before me for Report and Recommendation.

## **Law and Analysis**

### Exhaustion of Administrative Remedies

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997(e)(a).  The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §542.10, et seq.  The first step of the administrative remedy is an informal resolution attempt filed with the prison staff.  28 C.F.R. §542.13.  The second step is a formal

---

³ In the Partial Report and Recommendation issued October 21, 2005, the Court dismissed the Federal Bureau of Prisons and Warden Tapis from this lawsuit because the complaint was frivolous and failed to state a claim upon which relief may be granted (Doc. Item 7).

2

grievance filed with the warden 28 C.F.R. §542.14. The regulations also provide for appeals at the third and fourth steps as set forth in 28 C.F.R. §542.15. The third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

In the case at bar, Thomas contends he complied with the first step of the administrative remedy procedure because he made and informal complaint and in response was told a claim for monetary damages should be filed under the Federal Tort Claims Act. Thomas argues he filed an action under the Federal Tort Claims Act and exhausted his one and only remedy.

Exhaustion of administrative remedies is mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002), citing, Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 1824, 149 L.Ed.2d 958 (2001). "Even when prisoners seek relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to filing suit." Id. at 525, 122 S.Ct. at 988; Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001).

Thomas pursued only the first of several steps in the administrative remedy process. His alleged ignorance is not an excuse as no exceptions have been read into §1997e(a). As he

failed to exhaust all administrative remedies with regard to his claims against the USP Pollock employees, Thomas' complaint should be dismissed.

Failure to State a Claim

Though Thomas' failure to exhaust administrative remedies renders the remaining arguments set forth in the defendants' motion moot, it is worth noting that Thomas failed to state a cognizable constitutional claim. The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. "Being violently assaulted in prison is simply not a part of the penalty that criminal offenders pay for their offences against society." Farmer 511 U.S. at 834, 114 S.Ct. at 1976-77, citing, Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation.

The plaintiff must prove both that he is incarcerated under conditions posing a substantial risk of harm and that the prison official's state of mind is one of deliberate indifference to the

4

prisoner's health or safety. There is no concise definition of what types of prison conditions pose a substantial risk of serious harm under the Eighth Amendment. Instead, the court must examine this component of the test contextually, making sure to be responsive to contemporary standards of decency. The court must consider whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwilling to such a risk. The court must also consider that the Eighth Amendment is intended to protect against both present and future dangers to inmates. Prison authorities must protect not only against current threats, but also must guard against sufficiently imminent dangers that are likely to cause harm in the next week, month or year. <u>Horton v. Cockrell</u>, 70 F.3d 397, 400-401 (5th Cir. 1995), and cases cited therein.

Prison officials are not liable for failure to protect if (1) "they were unaware of even an obvious risk to inmate health or safety", (2) "they did not know of the underlying facts indicating a sufficiently substantial danger", (3) "they knew of the underlying facts but believed (albeit soundly) that the risk to which the facts gave rise was insubstantial or nonexistent", or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted." <u>Farmer</u>, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

Thomas has not alleged that the defendants had any reason to know the two inmates would attack him. Thomas also failed to allege that he told the defendants he feared for his safety and needed protection from these particular inmates or had any other reason to believe he would be injured. He has not shown that the defendants had any reason to expect the assault would occur. Furthermore, Thomas provides no evidence that the defendants knowingly stood by and failed to protect him from the two inmates. Therefore, Thomas has not shown that defendants were deliberately indifferent to his safety. Accordingly, Thomas has failed to state a claim for violation of the Eighth Amendment.

## **Conclusion**

Based on the foregoing, IT IS RECOMMENDED defendants' motion to dismiss be granted and Thomas' complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 12th day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE